IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| JORDAN GREEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:24-cv-763-KHJ-MTP |
| | ) |
| AMAZON.COM SERVICES, LLC and | ) |
| KEVIN SMITH, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' PARTIAL MOTION TO DISMISS**

Pursuant to *Federal Rules of Civil Procedure* 12(b)(1), 12(b)(6), and Local Rule 7.2, Defendants Amazon.com Services, LLC ("Amazon") and Kevin Smith file this Partial Motion to Dismiss Plaintiff's Complaint. Plaintiff has failed to state a claim for false imprisonment and intentional infliction of emotional distress. For this reason, Defendants respectfully request that this Court enter an order granting its Motion and dismissing Counts Two, and Five from Plaintiff's Complaint.

**I.    INTRODUCTION**

Plaintiff Jordan Green ("Green" or "Plaintiff") initiated his lawsuit in the Circuit Court of Madison County, Mississippi, on November 1, 2024. (Doc. 4-3). On December 2, 2024, Amazon timely filed a Notice of Removal to this Court pursuant to 28 U.S.C. § 1332, 1441, and 1446. (Doc. 1). Plaintiff's Complaint asserts eight causes of action: (1) false arrest (2) false imprisonment (3) defamation

12139677v1

(4) malicious prosecution; (5) intentional infliction of emotional distress; (6) negligent infliction of emotional distress; (7) civil rights violations; and (8) wrongful termination. (Doc. 4-3). Plaintiff's claims for false imprisonment and intentional infliction of emotional distress are due to be dismissed because they fail to state a claim upon which relief can be granted.

## II. FACTS ALLEGED IN PLAINTIFF'S COMPLAINT

Plaintiff alleges he was hired by Amazon as a Fulfillment Center Warehouse worker on August 25, 2023. (Doc. 4-3, ¶ 6). Plaintiff further alleges that on November 1, 2023, Defendant Kevin Smith, in his role as a Loss Prevention employee for Amazon, met with deputies from the Madison County Sheriff's Office. (Doc. 4-3, ¶7). During that meeting, Mr. Smith allegedly falsely identified Plaintiff as a suspect in "a theft ring" that had vandalized three employee vehicles on October 26 and stolen another employee's vehicle on October 31, 2023. (Id). Plaintiff alleges that Mr. Smith's identification of Plaintiff as a suspect was "based solely" on Mr. Smith's "bias and pure speculation" because Plaintiff clocked out around the same time as two other young Black men. (Doc. 4-3, ¶¶ 12-13).

Plaintiff further alleges that he was escorted to Mr. Smith's office where Mr. Smith "detained him in order to orchestrated [sic] his arrest." (Doc. 4-3, ¶ 8). Once Madison County Sheriff Deputies arrived, the deputies handcuffed Plaintiff and "escorted him through the warehouse in full view of his co-workers." (Doc. 4-

3, ¶ 9). After his arrest by Madison County Sheriff Deputies, Plaintiff was transported to the Madison County Detention Center "where he was booked on one count of felony theft of a vehicle and three counts of felony auto burglaries" and was held in custody for eight days. (Doc. 4-3, ¶¶ 10-11).

Plaintiff alleges that upon his release from custody, he returned to Amazon to ask about his work schedule but was told his employment had been terminated. (Doc. 4-3, ¶ 15). Amazon provided a termination notice dated November 16, 2023, which states "due to your actions involving theft, we will be proceeding with termination due to 'Violation of Rules and Policy.'" (Doc. 4-3, ¶ 16). On May 13, 2024, the Madison County Prosecutor dismissed the charges against Plaintiff. (Doc. 4-3, ¶ 19). Amazon rehired Plaintiff on or around August 18, 2024. (Doc. 4-3, ¶ 20).

### III. STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. A plaintiff must plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Specifically, "a plaintiff's obligation to prove the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555 (internal citation omitted). The pleading standard set forth in Rule 8(a)(2) of the Federal Rules of Civil

Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Under this standard, a court must accept the complaint's factual allegations as true, but need not accept the legal conclusions drawn from the facts. *See Iqbal*, 556 U.S. at 679.

IV. **LEGAL ARGUMENT**

A. **Plaintiff's False Imprisonment Claim Fails.**

Plaintiff's allegations of false imprisonment fail to state a claim upon which relief can be granted. Plaintiff alleges that he was falsely imprisoned when Mr. Smith "detained" plaintiff and "orchestrated his arrest." (Doc. 4-3, ¶ 35). There are two elements of a false imprisonment claim: (1) the detention of the plaintiff; and (2) the unlawfulness of the detention. *Alpha Gulf Coast, Inc. v. Jackson*, 801 So. 2d 709, 720 (Miss. 2001). The second element is determined by whether the actions of the defendant were "objectively reasonable in their nature, purpose, extent and duration." *Id*.

Plaintiff's allegations focus on his arrest by Madison County Sherriff's Office and detention for eight days. (Doc. 3-4, ¶¶ 39-41). Plaintiff does not allege that Mr. Smith was the person holding him prisoner at the Madison County Detention Center. In fact, Mr. Smith did not arrest Plaintiff nor is he the one who held him in the Madison County Detention Center. To the extent that Plaintiff is attempting to prescribe his detention at the Madison County Detention Center to

12139677v1

Mr. Smith, this claim fails because it cannot satisfy the first element. Mr. Smith did not detain Plaintiff at the Madison County Detention Center.

The only allegations that Plaintiff makes regarding his alleged false imprisonment by Mr. Smith are that he was "abruptly confronted at his workstation and escorted to the Loss Prevention Office" and the bald conclusory allegation that Mr. Smith actively participated in his confinement in the Loss Prevention Office. (Doc. 4-3, ¶¶ 37-38). These allegations are not sufficient to state a claim for false imprisonment. There are no allegations about Plaintiff's interactions with Mr. Smith in the Loss Prevention Office other than to simply conclude that Plaintiff was "detained." (Doc. 4-3, ¶ 38). "Where no force or violence is actually employed, the submission of the plaintiff must be to a reasonably apprehended force." *Mayweather v. Isle of Capri Casino, Inc.*, 996 So. 2d 136, 141 (Miss. App. Ct. 2008) (quoting *Martin v. Santora*, 199 So. 2d 63, 65 (Miss. 1967)). "The circumstances merely that one considers himself restrained in his person is not sufficient to constitute false imprisonment unless it is shown that there was a reasonable ground to have believed defendant would resort to force if plaintiff attempted to assert [his] right to freedom." *Id*. Plaintiff has not alleged that there was any reason to believe his presence in the Loss Prevention Office was under threat of force. There are no allegations that Mr. Smith threatened force. Further, Plaintiff does not allege that he ever attempted to leave and was stopped. *Smith v.*

12139677v1

*Magnolia Lady, Inc.*, 925 So. 2d 898, 804 (Miss. Ct. App. 2006) (holding that there is doubt that plaintiff was detained because there was no evidence she attempted to leave or even asked to leave). Because Plaintiff has not sufficiently alleged that he was detained, the Complaint fails to state a claim for false imprisonment. Plaintiff has failed to state a claim for false imprisonment and this count should be dismissed.

### B. Plaintiff's Intentional Infliction of Emotional Distress Claim Fails.

Plaintiff's claim for intentional infliction of emotional distress fails to state a claim. Plaintiff alleges that Mr. Smith's conduct was "intentional and reckless" when he "intentionally identified Plaintiff as a suspect in a vehicle theft and three vehicle burglaries without probable cause." (Doc. 4-3, ¶ 60). To state a claim for intentional infliction of emotional distress, a plaintiff must show: (1) The defendant acted willfully or wantonly toward the plaintiff by committing certain described actions; (2) [t]he defendant's acts are ones "which evoke outrage or revulsion in civilized society"; (3) [t]he acts were directed at, or intended to cause harm to, the plaintiff; (4) [t]he plaintiff "suffered severe emotional distress as a direct result of the acts of the defendant"; and (5) "[s]uch resulting emotional distress was foreseeable from the intentional acts of the defendant." *Orr*, 230 So.3d at 375-376 (internal citations omitted). But Mississippi's standard for a claim of intentional infliction of emotional distress is very high, "focusing specifically on

the defendant's conduct and not the plaintiff's emotional condition." *Robinson v. Hill City Oil Co., Inc.*, 2 So. 3d 661, 668 (Ct. App. Miss. 2008).

Even conduct that rises to the level of nerve-wracking, upsetting, or improper is not enough to reach the level of extreme and outrageous conduct required to state a claim for intentional infliction of emotional distress. *Jenkins v. City of Grenada*, 813 F.Supp. 443, 447 (N.D. Miss. 1993). Mr. Smith's alleged actions do not rise to the level of conduct that would "evoke outrage or revulsion in civilized society." *Orr*, 230 So. 3d at 375.

In *Orr*, an employee of a store filed a complaint against her former employers alleging, among other claims, intentional infliction of emotional distress. *Orr*, 230 So. 3d at 371. In that case, the employers informed the police that the employee was the last person seen with the missing iPad. *Id*. The employee was arrested and charged but the employee was later found not guilty. *Id*. The employers filed a motion for summary judgment as to the employee's claims, which the trial court granted. *Id* at 371-72. The Court of Appeals found that there was no error in granting summary judgment, explaining that even though the employers lack probable cause and therefore possibly acted with malice, their actions did not "evoke outrage or revulsion in civilized society." *Id* at 376. In this case, like the case in *Orr*, taking the Plaintiff's allegations as true at this stage in the proceedings, Mr. Smith's actions do not rise to the level of evoking outrage or

revulsion. *Rainer v. Wal-Mart Assocs. Inc.*, 119 So. 3d 398, 403 (Miss. Ct. App. 2013) (finding that because an employer had probable cause to initiate a criminal proceeding against an employee, the employer did not act in such a way to evoke outrage or revulsion and summary judgment was proper); *Funderburk v. Johnson*, 935 So. 2d 1084, 1099-1100 (Miss. Ct. App. 2006) (finding that because an employer had probable cause to initiate embezzlement charges against an employee, the employers conduct was not extreme, outrageous, or beyond all possible bounds of decency). Accordingly, Plaintiff's claim for intentional infliction of emotional distress fails and is due to be dismissed.

## V. CONCLUSION

Plaintiff has failed to state a claim for false imprisonment or intentional infliction of emotional distress. Defendants respectfully request that the Court enter an Order dismissing Count Two and Count Five of Plaintiff's Complaint.

Respectfully submitted on this the 17th day of December, 2024.

*/s/ Joseph M. Koury*
Joseph M. Koury (MS #09737)
Allen, Summers & Gresham, PLLC
80 Monroe Avenue, Suite 650
Memphis, TN 38103
Telephone: (901) 763-4200
Facsimile: (901) 684-1768
jkoury@allensummers.com

12139677v1

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this 17th day of December, 2024, a copy of the foregoing document has been filed with the Clerk of the Court by using the CM/ECF system, which will send electronic notice of such filing, and I hereby certify that I have emailed and/or mailed via USPS the document, to the following:

Vikki J. Taylor
P.O. Box 1992
Madison, MS 39130-1992
Phone: 601-608-8604
vikki@taylorjoneslaw.com

                                    */s/ Joseph Koury*
                                    Of Counsel

12139677v1