UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JORDAN GREEN                                                            PLAINTIFF

V.                                     CIVIL ACTION NO. 3:24-CV-763-KHJ-MTP

AMAZON.COM SERVICES LLC, et al.                          DEFENDANTS

ORDER

Before the Court is Defendants Amazon.com Services LLC and Kevin Smith's [6] Partial Motion to Dismiss. The Court grants the motion, dismisses Plaintiff Jordan Green's false-imprisonment claim with prejudice, and dismisses his intentional-infliction-of-emotional-distress (IIED) claim without prejudice. If he wishes, Green may amend his [4-3] Complaint by January 24, 2025.

I.     Background

This case arises from an Amazon employee's arrest, incarceration, and termination.

Plaintiff Jordan Green, a black man, worked at an Amazon fulfillment center. Compl. [4-3] ¶¶ 6, 12. On October 26, 2023, he and two other black male employees clocked out around the same time. *Id.* ¶ 12. Sometime that day, three cars were burglarized while parked on Amazon's campus. *Id.* ¶¶ 7, 12. And five days later, another car was stolen from Amazon's lot. *Id.* ¶ 7.

Amazon's Loss Prevention Officer, Defendant Kevin Smith, met with police the next day. *Id.* During that meeting, Smith allegedly "falsely identified [Green] as

a suspect in a theft ring responsible for stealing a car and burglarizing three vehicles." *Id.* ¶ 45; *see also id.* ¶ 57 (alleging that Smith "persistently identif[ied] and implicat[ed]" Green). According to Green, Smith identified him as a burglary suspect based "solely on the coincidence that . . . [Green] clocked out around the same time as two other young Black males." *Id.* ¶ 12; *see also, e.g., id.* ¶¶ 49, 62 (accusing Smith of racial profiling). And Smith allegedly identified Green as a theft suspect based "solely [on] bias and pure speculation." *Id.* ¶ 13; *see also, e.g., id.* ¶¶ 25, 50, 84. Even so, police handcuffed Green, escorted him past his coworkers, charged him with four felonies, and sent him to county jail for eight days. *Id.* ¶¶ 9–11. For its part, Amazon fired Green for his alleged "actions involving theft." *Id.* ¶¶ 15–16 (cleaned up).

In May 2024, the Madison County Prosecuting Attorney dropped all charges against Green after viewing Amazon's surveillance footage, which allegedly "definitively cleared [Green] of any involvement in the crimes." *Id.* ¶ 19; *see also id.* ¶ 29. Amazon rehired Green. *See id.* ¶ 20.

Green then sued Amazon and Smith in state court, asserting eight claims. *Id.* ¶¶ 23–91.[1] Defendants timely removed, invoking the Court's federal-question and

---

[1] The claims are (1) false arrest, (2) false imprisonment, (3) defamation, (4) malicious prosecution, (5) intentional infliction of emotional distress, (6) negligent infliction of emotional distress, (7) civil rights violations, and (8) wrongful termination. [4-3] ¶¶ 23–91.

2

supplemental jurisdiction. Notice of Removal [1] ¶¶ 11, 13–18. After answering, Defendants moved to dismiss Green's false-imprisonment and IIED claims. [6] at 1.[2]

II.    Standard

"The standard for Rule 12(c) motions . . . is identical to the standard for Rule 12(b)(6) motions." *Waller v. Hanlon*, 922 F.3d 590, 599 (5th Cir. 2019). To survive a Rule 12(c) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (cleaned up). "A claim is facially plausible when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Frye v. Anadarko Petroleum Corp.*, 953 F.3d 285, 290 (5th Cir. 2019) (cleaned up). "Plausibility is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *King v. Baylor Univ.*, 46 F.4th 344, 356 (5th Cir. 2022) (cleaned up).

Courts "must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff." *Frye*, 953 F.3d at 290–91. "But courts do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *King*, 46 F.4th at 356 (cleaned up).

III.   Analysis

The Court grants the motion, dismisses Green's false-imprisonment claim with prejudice, and dismisses his IIED claim without prejudice.

---

[2] Defendants' motion invokes Rule 12(b)(6). [6] at 1. But Defendants moved to dismiss after filing their [5] Answer, so the Court construes the motion under Rule 12(c). *See, e.g.*, *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam).

A. False Imprisonment

Defendants first move to dismiss the false-imprisonment claim. Mem. Supp. Mot. [7] at 4–6. Because Green concedes to its dismissal, Mem. Opp'n Mot. [9] at 3, the Court dismisses that claim with prejudice. *See* Fed. R. Civ. P. 12(b)(6), 41(b).

B. IIED

Defendants next move to dismiss the IIED claim. [7] at 6–8. The Court dismisses that claim without prejudice.

An IIED claim has five elements. *Orr v. Morgan*, 230 So. 3d 368, 375–76 (Miss. Ct. App. 2017) (en banc). Defendants dispute just one: whether their alleged acts "evoke outrage or revulsion in civilized society." [7] at 6–8 (quoting *Orr*, 230 So. 3d at 376 (cleaned up)).

Establishing that element is a "tall order." *Brent v. Mathis*, 154 So. 3d 842, 850–51 (Miss. 2014) (cleaned up). "The defendant's acts must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* at 851 (cleaned up). Significantly, an employer's decision to criminally charge an employee without probable cause "does not support a finding that [its] actions would evoke outrage or revulsion in civilized society." *Orr*, 230 So. 3d at 376 (cleaned up).[3]

Although Green fails to address it, *see* [9], *Orr* controls. *See Janvey v. Brown*, 767 F.3d 430, 434 n.10 (5th Cir. 2014); *Troice v. Greenberg Traurig, L.L.P.*, 921 F.3d

---

[3] *See also Burroughs v. FFP Operating Partners, L.P.*, 28 F.3d 543, 547 (5th Cir. 1994) (explaining that, under Mississippi law, "a finding of inadequate probable cause to proceed with criminal charges does not connote malicious and outrageous behavior").

501, 505 (5th Cir. 2019). In that case, someone stole a store's iPad; managers contacted police. *Orr*, 230 So. 3d at 371. One manager told police that an employee, Orr, was the last person seen with the iPad. *Id.*; *see also id.* at 374 (describing that as the "only basis" for suspecting Orr). Upon police's request, another manager then signed an affidavit accusing Orr of petit larceny. *Id.* at 371. After Orr was found "not guilty," she sued her employer for IIED, alleging that the charge was based on "unfounded suspicions and conjecture." *Id.* (cleaned up). The Mississippi Court of Appeals held that Orr failed to clear the "very high" bar of establishing an IIED claim. *Id.* at 376. The court acknowledged that the defendants "may have lacked probable cause and, thus, possibly acted with malice in charging Orr." *Id.* Even so, the court concluded, that would "not support a finding that their actions would evoke outrage or revulsion in civilized society." *Id.* (cleaned up).

*Orr* governs here. Like the plaintiff in *Orr*, Green challenges his employer's "unfounded" suspicion of criminal activity, rooted in temporal "coincidence" and "pure speculation." [4-3] ¶¶ 12–13, 32. And like the plaintiff in *Orr*, Green brings an IIED claim based on his employer's identification of him as a suspect "without probable cause." *Id.* ¶ 60. Without additional factual allegations, the Court cannot conclude that Defendants' alleged conduct would evoke outrage or revulsion. *See Orr*, 230 So. 3d at 376.

To be sure, unlike the plaintiff in *Orr*, Green asserts that Smith racially profiled him. *E.g.*, [4-3] ¶ 62. That assertion, if supported by factual allegations, may well state a plausible IIED claim. But Green "must plead specific facts, not

5

mere conclusory allegations[,] to state a claim for relief that is facially plausible." *Powers v. Northside Indep. Sch. Dist.*, 951 F.3d 298, 305 (5th Cir. 2020) (cleaned up). And the [4-3] Complaint's only relevant factual allegation is that Green clocked out with two other black employees. [4-3] ¶¶ 12, 24. Without more, the Court cannot reasonably infer that Defendants are liable for the misconduct alleged. *Frye*, 953 F.3d at 290.

So Green has failed to state an IIED claim. Although the Court dismisses that claim, it "should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so." *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000). The Court concludes that Green should have a chance to plead his best case. *See* [9] at 6 (alternatively requesting leave to amend).

If he wishes, Green may amend his [4-3] Complaint by January 24, 2025. If not, Green's case will proceed as to his remaining six claims.

IV.   Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the stated reasons, the Court GRANTS Defendants' [6] Partial Motion to Dismiss. The Court DISMISSES Green's false-imprisonment claim with prejudice, and it DISMISSES his IIED claim without prejudice. If he wishes, Green may amend his [4-3] Complaint by January 24, 2025.

SO ORDERED, this 8th day of January, 2025.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE